NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
VALERIE CALHOUN,                          :
                                          :
               Plaintiff,                         :
                                          :
      v.                                  :  CIVIL ACTION NO. 07-0999 (JAP)
                                          :
FOODARAMA SUPERMARKETS, INC.              :
                                          :  **OPINION**
                                          :
               Defendant.                         :
_____:

PISANO, J.:

Before the Court is Defendant Foodarama Supermarkets, Inc.'s ("defendant" or "Foodarama") motion for summary judgment against *pro se* plaintiff Valerie Calhoun. The questions before the Court is whether Ms. Calhoun failed to file a timely complaint under Title VII of the Civil Rights Act of 1964 against her former employer, Foodarama. For the reasons stated below, the Court finds that plaintiff failed to timely file her charge, and the defendant's motion is therefore granted.

**I.**  **Background**

Plaintiff Calhoun, an African-American woman, was employed as a mail room clerk by defendant Foodarama from January 26, 2001 through May 22, 2001, and again from January 21, 2004 through November 14, 2005. (Pl.'s Answers to Def.'s Req. for Admis. ¶¶ 2-4.) Between August 2004 and plaintiff's termination in November 2005, she was the only female mail room

employee at Foodarama. (Def.'s Answers to Pl.'s Req. for Admis. ¶ 13.) Calhoun earned $9.00 per hour during her 2001 employment with Foodarama, and earned $11.00 per hour on January 21, 2004, when she recommenced her Foodarama employment. (Def. Resps. to Pl.'s Initial Notice to Release Docs. ¶ 4.) Plaintiff worked for forty hours per week until November 2005, when her hours were reduced to thirty hours per week. (Pl.'s Answers to Def.'s Interrogs. ¶ 2.)

In October 2004, Calhoun asked her supervisor, Anthony Popolillo, about a pay raise given to George Samol, a mail room supervisor and coworker of Calhoun. (Def.'s Answers to Pl.'s Req. for Admis. ¶ 7; Pl.'s Answers to Def.'s Interrogs. ¶ 2.) Mr. Samol had received a $4.07[1] per hour raise, allegedly in connection with Mr. Samol's promotion to mail room supervisor in October 2004. (Def. Resps. to Pl.'s Initial Notice to Release Docs. ¶ 1.) Following her conversation with Mr. Popolillo, Plaintiff received a $0.52 per hour pay increase (for a total of $11.96 per hour) in November 2004, and an additional $0.42 per hour pay increase ($12.38 per hour) in May 2005. (Def.'s Answers to Pl.'s Req. for Admis. ¶¶ 9, 42.)

Plaintiff alleges that on several occasions during 2005, Mr. Popolillo, brought his house cats to his Foodarama office, despite having previously informed him of her cat-phobia. (*Id.*) On some occasions, Mr. Popolillo instructed Calhoun to remain within the mail room in order to avoid a feline encounter. (*Id.*) Plaintiff was absent for at least one week of work in October 2005, purportedly due to illness related to her cat-phobia. (Pl.'s Answers to Def.'s Interrogs. ¶ 2.)

The precise circumstances under which plaintiff was terminated are disputed but both

---

[1] Defendants states that Mr. Samol received a $4.02 per hour pay raise. The Court notes that there is a $0.05 per hour discrepancy but does not find this disputed fact to be material to the analysis of Ms. Calhoun's claims.

parties concede that plaintiff's final day on the Foodarama premises was November 11, 2005, and her final day of employment with Foodarama was November 14, 2005. (Pl.'s Answers to Def.'s Req. For Admis. ¶¶ 9, 10.)

Plaintiff filed a charge of discrimination against Foodarama with the Equal Employment Opportunity Commission ("EEOC") on September 21, 2006, alleging defendant had unlawfully discharged her in retaliation, and discriminated against her on the basis of race, sex, and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). (Def. Br., Ex. F to Cert. of John Gonzo.) On December 20, 2006, the EEOC dismissed Calhoun's charge, and informed her that she had 90 days from the receipt of the letter within which to commence her suit. (Def. Br., Ex. G to Cert. of John Gonzo.) Plaintiff filed the instant Complaint on March 2, 2007 against Foodarama, alleging defendant violated Title VII and the ADA by: (1) increasing a male co-worker's hourly pay by $4.07 where Calhoun's was increased only $0.52 and where the two "performed the same job"; (2) failing to accommodate Calhoun's cat-phobia, which she characterizes as a "disability"; and (3) terminating plaintiff's employment due to her complaints about the presence of cats in the work place. (Compl. ¶¶ 9, 10.) Following some discovery, defendant filed the instant motion for summary judgment.

**II.   Discussion**

Plaintiff brings this suit under the provisions of Title VII and the ADA, under which she must first establish the non-jurisdictional prerequisites of timely filing a charge with the EEOC and the receipt of notification by the EEOC of the employee's right to sue. *See Commc'ns Workers of Am. v. New Jersey Dep't of Pers.*, 282 F.3d 213, 216-17 (3d Cir. 2002). Because

plaintiff failed to do so, and filed her charge with the EEOC after the expiration of the charging period, defendant's motion for summary judgment will be granted.

**A.      Summary Judgment Standard**

A court shall grant summary judgment under Rule 56© of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine

issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

**B.     Title VII Claims**

To survive a motion for summary judgment in a Title VII suit, a plaintiff must show evidence sufficient for a factfinder to reasonably conclude that the defendant employer's decision to terminate him or her was driven by discriminatory animus or to demonstrate the existence of a genuine issue of fact as to the truth of the employer's proffered reasons for the challenged action. *See Commc'ns Workers of Am.*, 282 F.3d at 216-17.  However, as noted above, Title VII is administered and enforced by the EEOC, and under its terms, an individual challenging an unlawful, discriminatory employment practice must file a formal charge with the EEOC prior to commencing suit in court to challenge the practice. *See* 42 U.S.C. § 2000(e)-5(e)(1); § 2000e-5(f)(1).

New Jersey is considered a "deferral" state for purposes of determining the length of the EEOC charging period because the New Jersey Division of Civil Rights is a state agency "authorized to grant relief for federally prohibited employment discrimination.". *See Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000); *Cortes v. Univ. Med. & Dentistry of New Jersey*, 391 F. Supp. 2d 298, 307 n.2 (D.N.J. 2005). "Under Title VII . . . plaintiffs . . . who file in deferral states, must submit their administrative discrimination charge within 300 days of the challenged employment action." *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000).  As the Supreme Court noted, "the limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Delaware*

*State College v. Ricks*, 449 U.S. 250, 256-57 (1980).  Therefore, Ms. Calhoun must have filed her EEOC charge within 300 days of Foodarama's alleged adverse employment action.

What acts constitute an adverse employment action was addressed in the Supreme Court case *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162 (2007).  In this case, the Court held the EEOC charging period, which varies from state to state, begins to run at the point at which the discriminatory intent and the employment practice meet – that is, were an employer to develop a discriminatory intent at one time, but not engage in the employment practice until sometime thereafter, the charging period would begin when both elements were present.  *Id.* at 2171.  At issue in *Ledbetter* was whether plaintiff's charging period for her unequal pay claim began to run at the time of the defendant-employer's "pay-setting decision," when plaintiff was denied any raise in salary, or at the time of the most recent pay stub reflecting the pay-setting decision. *Id.* at 2166.  The Court held that the former was the appropriate benchmark from which to begin the charging period, and that the latter was merely an effect of the former, and could not independently constitute a discrete adverse employment action for the purposes of triggering the EEOC charging period.  *Id.* at 2169 ("The EEOC charging period is triggered when a discrete unlawful practice takes place.  A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from past discrimination.").

Therefore, in most cases, it is necessary to discern on what date the allegedly unlawful employment practice occurred and, consequently, the date of commencement of the EEOC charging period.  However, for the initial inquiry regarding the timeliness of plaintiff's filing of an EEOC charge, the only facts which are "material" are those which pertain to the dates of (1)

6

the adverse employment action allegedly taken against Ms. Calhoun by Foodarama, and (2) Ms. Calhoun's filing of an EEOC charge.  The parties agree that Ms. Calhoun filed the EEOC charge on September 21, 2006.  Therefore, only adverse employment actions that took place *after* November 26, 2005 may permissibly form the basis of plaintiff's claims.

The parties dispute what factual events constitute the alleged adverse employment actions.  Plaintiff's claims center on three events: (1) Mr. Samol's salary raise in October 2004; (2) Foodarama's alleged failure to accommodate plaintiff's alleged disability throughout the winter of 2004-2005; and (3) plaintiff's termination on November 14, 2005.  However, any dispute is immaterial because the unlawful action could have occurred no later than Ms. Calhoun's last date of employment with Foodarama, on November 14, 2005.  *See, e.g., Watson*, 235 F.3d 851, 856.  Because Ms. Calhoun's employment discrimination claims pertain to actions pre-dating her termination, and she has alleged no facts suggesting that the charging period should have commenced later than her final day of employment with Foodarama, the alleged unlawful employment practice could have occurred no later than November 14, 2005 and the charging period commenced on that date.  Therefore, her charging period expired on September 10, 2006.  By not filing her charge of discrimination against Foodarama until September 21, 2006, Ms. Calhoun failed to file a timely EEOC charge.  Accordingly, Foodarama's motion for summary judgment as to plaintiff's Title VII claims must be granted.

**III.   ADA Claims**

The ADA prohibits employment discrimination based on an employee's disability, meaning a physical or mental impairment that substantially limits one or more of the major life activities.  42 U.S.C. § 12112(a) (prohibiting employment discrimination "against a qualified

individual with a disability because of the disability of such individual."). Ms. Calhoun argues that Foodarama failed to provide reasonable accommodation for her purported disability, and terminated her on November 14, 2005 in retaliation for her repeated complaints regarding cats in the work place.  However, even if Ms. Calhoun's cat-phobia constitutes a cognizable disability under the ADA (a premise the Court finds to be tenuous at best), plaintiff's claims under the ADA must fail because she failed to timely file an EEOC charge within 300 days of the adverse employment action.  Under the ADA, as under Title VII, a plaintiff must file a timely charge of discrimination with the EEOC prior to filing a civil employment discrimination action. *See* 42 U.S.C. § 12117(a); *Gloeckl v. Giant Eagle, Inc.*, 176 Fed. Appx. 324, 05-1758 (3d Cir. Apr. 20, 2006) (acknowledging application of the 300-day charging period set forth by Title VII to a claim brought under the ADA).  For the same reasons described above, plaintiff has failed to satisfy this prerequisite and summary judgment on plaintiff's ADA claims must be awarded in favor of defendants.

**IV.    Conclusion**

For the reasons above, Foodarama's motion for summary judgment is granted.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO<br>United States District Judge

Dated: October 21, 2008